HENRY S. COOPER, appellant, *v.* GILBERT BUCKINGHAM, appellee.

*Appeal from Knox.*

Where, after issue had been taken on several pleas filed in a cause, the plaintiff took leave to amend his declaration, and the cause was continued to the next term of the Court, when the Court ordered the pleas to be stricken from the files, and judgment was thereupon rendered by default against the defendant: *Held,* that the proceedings were irregular, and the judgment must be reversed.

*Semble,* That there are cases in which the Court may, with great propriety, strike pleas from the files, and render judgment by *nil dicit;* as where the pleas are not adapted to the action, or are placed on the files in contravention of some rule of the Court.

THE proceedings in this cause, in the Court below, were had before the Hon. Stephen A. Douglass.

C. WALKER, J. B. THOMAS, and M. BRAYMAN, for the appellant, cited Oakley *v.* Devoe, 12 Wend. 196 ; Belden *v.* Devoe, 12 Wend. 223 ; 7 Wend. 235 ; Tidd's Pract. 707, and note *a* ; Manlove *et al. v.* Bruner, 1 Scam. 390 ; Covell *et al. v.* Marks, 1 Scam. 391 ; McKinney *et al. v.* May, 1 Scam. 534.

O. H. BROWNING, for the appellee.

TREAT, Justice, delivered the opinion of the Court:

Buckingham brought his action of *assumpsit* against Cooper. The declaration has two counts: the first on a promissory note ; the second in *indebitatis assumpsit.* The defendant pleaded *non assumpsit* to the whole declaration, and four special pleas to the first count. Replications were filed, and issues joined on all of the pleas. The plaintiff then obtained leave to amend his declaration, and the cause was continued. It does not appear, however, that the declaration was ever amended. At the next term, as appears from the record, the Court, on the motion of the plaintiff, ordered the pleas to be stricken from the files, and rendered judgment against the defendant, as upon *nil dicit,* for $162.05. This decision of the Court is now assigned for error.

If the proceedings had in this case, in the Court below, are correctly presented by the record, there was manifest error. Several distinct issues of fact had been made by the parties, and it was clearly irregular to dispose of them thus summarily, without the consent of the defendant. If he failed to appear at the second term, and urge his defence, it was no cause for striking the pleas from the files, but it was the duty of the Court to have submitted the issues to a jury for trial. This Court has repeatedly held it to be erroneous to permit a judgment by default to be taken, when a plea is on file; and the present is a stronger case. There are cases in which the Courts may with great propriety strike pleas

from the files, and render judgment by *nil dicit;* as where the pleas are not adapted to the action, or are placed on the files in contravention of some rule of the Court; but in this case, the plaintiff had taken issue on the pleas, and had thereby admitted their sufficiency, and the regularity of filing them.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*